**Lanny SWERDLOW, Plaintiff—Appellant,**

v.

**CITY OF PORTLAND et al., Defendants,**

and

**Adrienne SPARROW, Masayo Howell, John Shepard, and Donald MacPherson, Defendants—Appellees.**

No. 02–35168.

D.C. No. CV–00–00580–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Sept. 30, 2003.

Paul Loney, Portland, OR, for Plaintiff–Appellant.

Ronald K. Silver, AUSA, USPO–Office of the U.S. Attorney, Nancy E. Martin, Deputy City Attorney, Mary T. Danford, Esq., Office of the City Attorney, Portland, OR, for Defendants–Appellees.

Before ALDISERT,* GRABER, and GOULD, Circuit Judges.

* The Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the

MEMORANDUM **

Plaintiff Lanny Swerdlow appeals the district court's orders and judgment (1) dismissing Plaintiff's *Bivens* action against Defendants, (2) granting Defendants qualified immunity, and (3) denying Plaintiff's motion to unseal the affidavits[1] filed in support of the search warrants.

1. The record is somewhat confusing as to the timing of Plaintiff's motion to unseal the affidavits and as to the existence of any previous motions to unseal. The court disposed of the claims arising out of the search of Plaintiff's home and business in its order dated August 17, 2001 ("August 2001 Order"). The only issue remaining before the court thereafter was Plaintiff's allegation that Defendants had failed to timely return some of his property. In its order dated January 15, 2002 ("January 2002 Order"), pertaining to the return of property, the district court explained in a footnote:

> The plaintiff has filed another motion (# 66) to view the search warrant affidavit in this case. The same request was previously denied after the court conducted an in camera review of the affidavit and determined that nothing contained therein was subject to disclosure. The search warrant affidavit has no relevance to the issue currently before the court. Therefore, [P]laintiff's motion is denied.

This was the only mention in any of the various orders regarding a motion to view the affidavits. Nonetheless, the footnote suggests that a previous motion was made and resolved earlier in the litigation, presumably in the August 2001 Order. In its

August 2001 Order, the district court, as explained in a footnote in the January 2002 Order, announced that it had reviewed the affidavits in camera and that "it is clear that the affidavit supports a finding of probable cause."

The district court erred by never explaining why the affidavits were *originally* sealed, nor why they should remain sealed. A "district court has the inherent power to seal affidavits filed with the court in appropriate circumstances." *United States v. Mann*, 829 F.2d 849, 853 (9th Cir.1987). However, "[i]n this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003). We have noted that the "common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* In making the determination whether to deny access, courts should consider all relevant factors, including

> the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. This process allows for meaningful appellate review of whether relevant factors were considered and given appropriate weight. If the district court conscientiously balances the competing interests

Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In the order quoted below, the district court speaks of a single affidavit. In fact, there are two: one relating to Plaintiff's business and one to his home. The district court is undoubtedly speaking of both, which formed the basis of a single warrant application.

and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion.

*Id.* (citations and internal quotation marks omitted).

In the present case, the district court did not articulate any compelling reasons supporting its denial of Plaintiff's motion to unseal the affidavits. The bald assertion that nothing in the affidavits is "subject to disclosure" does not satisfy the standard laid out in *Foltz.* The district court's reason in the January 2002 Order also does not constitute an adequate explanation. The motion was irrelevant by then because the district court had already granted Defendants' motion for summary judgment on qualified-immunity grounds in August 2001. Because the district court failed to provide Plaintiff an opportunity to examine the affidavits, however, the court prevented Plaintiff from presenting informed argument regarding qualified immunity.[2] Plaintiff alleges that the information in the affidavits may be false, a claim that could affect the analysis of the question of probable cause.

We are inclined to believe, based on our review of the affidavits, that the district court's qualified-immunity determination was sound, because the affidavits appear to support a finding of probable cause. Nevertheless, under the settled law of this circuit, Plaintiff is entitled either to have access to the affidavits or to have the benefit of findings by the district court sufficient to support the sealing decision. The district court erred by failing to provide Plaintiff with either.

The district court's summary judgment and qualified-immunity determinations are vacated. We remand with instructions that the district court either unseal the affidavits and permit Plaintiff to present any new arguments arising out of information contained therein, or else articulate compelling reasons supported by specific factual findings that justify continued sealing. This panel shall retain jurisdiction and will reconsider the case upon application of either party within 30 days after the district court has ruled on the foregoing matters.

VACATED and REMANDED with instructions. The parties shall bear their own costs on appeal.

---

**2.** The district court's footnote in the January 2002 Order makes clear that Plaintiff made the motion *before* the district court found that nothing in the affidavits were "subject to disclosure."

